IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**DIGITAL RECOGNITION**     **PLAINTIFFS**
**NETWORK, INC. and**
**VIGILANT SOLUTIONS, INC.**

VS.           Case No.  4:14CV00327 BSM

**MIKE BEEBE, in His Official Capacity as**
**Governor of the State of Arkansas; DUSTIN**
**MCDANIEL, in His Official Capacity as**
**Attorney General of the State of Arkansas**     **DEFENDANTS**

## RESPONSE TO MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

The Defendants, through their undersigned attorneys, submit the following in response to the Plaintiffs' Motion for Preliminary Injunction:

1. The Plaintiffs seek to enjoin the operation of a law enacted in 2013, which became effective August 16, 2013.  The law, the Arkansas License Plate Reader System Act, limits the use of automated high speed camera systems used to acquire license plate numbers, which are then converted by computer programs into computer readable language.  The Act regulates use of these systems by law enforcement agencies, parking entities, and secure facilities, and bans all other uses.

2. The Plaintiffs contend that the data collected by the regulated camera systems is speech protected by the First Amendment to the United States Constitution and request a preliminary injunction against enforcement of the Act pending final disposition of this case.

3. The Plaintiffs have not demonstrated the likelihood of success on the merits required to justify the issuance of a preliminary injunction. As set forth in the Defendants' Motion to Dismiss, subject matter jurisdiction is absent. Moreover, the data at issue is not speech; but even if it were speech the Act would be valid on First Amendment analysis because it directly furthers a substantial state interest and is properly tailored.

4. The equities do not favor the issuance of a preliminary injunction. The Act had been the law for some ten months at the time the Plaintiffs filed this case. The Plaintiffs' delay does not demonstrate the urgency ordinarily associated with a need for preliminary injunctive relief. The principal purpose of a preliminary injunction – to preserve the status quo – would not be advanced in this case because an injunction would actually disrupt the status quo.

Wherefore, the Defendants pray that the Plaintiffs' Motion for Preliminary Injunctive Relief be denied, and for all other appropriate relief.

    Respectfully submitted,

    DUSTIN McDANIEL
    ATTORNEY GENERAL

By:    /s/ *Patrick E. Hollingsworth*
    PATRICK E. HOLLINGSWORTH
    Arkansas Bar No. #84075
    Assistant Attorney General
    Attorneys for the Defendants
    323 Center Street, Suite 200
    Little Rock, AR  72201-2610
    (501) 682-1051
    Patrick.Hollingsworth@arkansasag.gov

## *CERTIFICATE OF SERVICE*

  The undersigned certifies that on June 27, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to any CM/ECF participants, including the following:

| | |
|---|---|
| Jane W. Duke | Michael A. Carvin |
| Mitchell, Williams, Selig, | Ryan J. Watson |
|   Gates and Woodyard, P.L.L.C. | Jones Day Law Firm |
| 425 West Capitol, Suite 1800 | 51 Louisiana Avenue, N.W. |
| Little Rock, Arkansas 72201 | Washington, D.C. |
| jduke@mwlaw.com | mcarvin@jonesday.com |
| | rwatson@jonesday.com |

            /s/ Patrick Hollingsworth
            PATRICK E. HOLLINGSWORTH